UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY PAUL FINLEY,

      Plaintiff,

v.                                                  Case No. 2:21-cv-10-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

# ORDER

Plaintiff Gregory Finley appeals the Commissioner of Social Security's ("Commissioner") final decision denying his claim for a period of disability and disability insurance benefits. (Doc. 1.) The Magistrate Judge issued a Report and Recommendation, recommending that the Court affirm the Commissioner's decision. (Doc. 27.) Upon review of the record, the Report and Recommendation, and Mr. Finley's timely objection (Doc. 29), the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## BACKGROUND

In 2018, Mr. Finley applied for disability insurance benefits. (Doc. 18-3 at 2–3, 15–16; Doc. 18-6 at 3.) Following a hearing, an administrative law judge ("ALJ") determined that Mr. Finley had not engaged in substantial gainful activity since the alleged onset date and that he had severe impairments, including degenerative disc disease of the lumbar spine, mild osteoarthritis of the right foot, right shoulder rotator cuff tear, bilateral calcaneal enthesopathy, perennial tendinitis, irritable

bowel syndrome ("IBS"), and obesity. (Doc. 18-2 at 15, 42–67; Doc. 18-4 at 17.) The ALJ further found that Mr. Finley did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Doc. 18-2 at 18.) The ALJ then determined that Mr. Finley had a residual functional capacity ("RFC") as follows:

> lift/carry 10 pounds occasionally 5 pounds frequently; sit for six hours in an eight-hour workday; stand and/or walk for two hours in an eight-hour workday; no operation of foot controls; permitted to stand and stretch after 30 minutes of work while being off task for one minute; occasional climbing of ramps or stairs, but no climbing of ladders ropes or scaffolds; occasional balancing, stooping, kneeling and crouching; no crawling; frequent overhead reaching with the right upper extremity; must avoid concentrated exposure to vibration; and no exposure to hazardous machinery.

(Id. at 19.) The ALJ concluded that, based on the RFC, Mr. Finley could perform past relevant work as an advertising manager, production advertising manager, and order clerk, as actually performed and as generally performed in the national economy. (Id. at 24–25.) Accordingly, Mr. Finley's claim for disability insurance benefits was denied. (Id. at 25.)

## STANDARD OF REVIEW

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

In this Social Security appeal, the Court must determine whether the ALJ's decision is "supported by substantial evidence and based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the ALJ's. Id. Even where the Court finds that the evidence more likely supports a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence. See Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## DISCUSSION

Mr. Finley raises three objections to the Magistrate Judge's Report and Recommendation, contending that the ALJ did not (1) pose a complete hypothetical to the vocational expert, (2) properly consider Mr. Finley's IBS, and (3) properly consider whether Mr. Finely could return to past relevant work. Upon review, Mr. Finley's objections are unpersuasive.

**Objection 1: The ALJ failed to fulfill the requirement to pose a complete hypothetical question to the vocational expert as he did not include Mr. Finley's mental limitations in the RFC as required by law.**

Mr. Finley first contends that the ALJ erred in not including Mr. Finley's mild, non-severe mental limitations in the RFC, which purportedly resulted in an incomplete hypothetical question to the vocational expert. (Doc. 29 at 1–5.) This contention is unpersuasive.

3

A claimant's RFC is based on "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what [the claimant] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). An ALJ must "assess and make a finding about [the claimant's] [RFC] based on all the relevant medical and other evidence." 20 C.F.R. § 404.1520(e). Accordingly, Mr. Finely is correct that the ALJ must consider all medically determinable impairments, including those that are not "severe." 20 C.F.R. § 404.1545(a)(2), (e).

However, an RFC assessment or hypothetical question posed to a vocational expert need not include a mild mental limitation where there is no work limitation. See Williams v. Soc. Sec. Admin., 661 F. App'x 977, 979–80 (11th Cir. 2016) (holding ALJ did not err in omitting limitations due to depression in RFC assessment even though the ALJ found it caused mild limitations at step two); Medwit v. Comm'r of Soc. Sec., No. 2:20-cv-143-JLB-NPM, 2021 WL 1341390, *5 (M.D. Fla. Feb. 22, 2021) ("Since the ALJ only assessed 'mild' limitations in the four areas of mental functioning, the ALJ did not err by not providing a mental RFC."), adopted, 2021 WL 1138179 (M.D. Fla. Mar. 25, 2021).[1]

Here, as the Magistrate Judge observed, the ALJ evaluated Mr. Finley's mental impairments, found that none were severe, and deemed his anxiety and depression medically determinable impairments that did not "cause more than minimal limitation in [Mr. Finley's] ability to perform basic mental work activities."

---

[1] The Court agrees with the Magistrate Judge that the cases Mr. Finley relies on are distinguishable for the reasons mentioned. (Doc. 27 at 14–15.)

4

(Doc. 18-2 at 15; Doc. 27 at 11.) In so finding, the ALJ evaluated the various areas of mental functioning and determined that Mr. Finley had mild limitations in each. (Doc. 18-2 at 15–17.)

Additionally, as relevant to the RFC finding, the ALJ considered Mr. Finley's subjective statements as well as objective medical and opinion evidence relating to his mental impairments. (Id. at 15–16, 22–24.) For example, the ALJ found Mr. Finley's allegations that anxiety and depression "caused difficulty with his attention, concentration, memory, and social functioning inconsistent with objective evidence indicating the absence of any work-related limitations. (Id. at 15.) This objective evidence included physician examinations and opinion evidence which the ALJ found persuasive. (Id. at 15–16.)

In summary, the ALJ did not err in not including Mr. Finley's mild, non-severe mental limitations in the RFC or hypothetical question posed to the vocational expert, and the RFC was supported by substantial evidence.

**Objection 2: The ALJ failed to properly consider Mr. Finley's IBS.**

Mr. Finley next contends that the ALJ failed to properly consider his IBS. (Doc. 29 at 5–7.) Specifically, Mr. Finley asserts that the ALJ did not properly account for the IBS in the RFC because Mr. Finley had stated the IBS causes him to go to the bathroom frequently, which was unaccounted for by the ALJ. (Id.) This contention is also unpersuasive.

As noted, the ALJ found Mr. Finley's IBS a severe, medically determinable impairment. This means that the impairment "limits significantly a claimant's

5

ability to do basic work activities." Raduc v. Comm'r of Soc. Sec., 380 F. App'x 896, 898 (11th Cir. 2010) (citation omitted). Accordingly, the ALJ was required to "articulate what the claimant's significant limitations were from that impairment." Battles v. Colvin, No. 8:15-cv-339-T-33TGW, 2016 WL 3360428, *3 (M.D. Fla. May 20, 2016), adopted, 2016 WL 3258423 (M.D. Fla. June 14, 2016); see also Reis ex rel. Reis v. Astrue, No. 8:11-cv-2027-T-TGW, 2012 WL 3231092, *4 (M.D. Fla. Aug. 6, 2012). Further, when presented with evidence of a medically determinable impairment that could reasonably be expected to produce a claimant's symptoms, the ALJ must evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, *3–4, 7–8 (Oct. 25, 2017); 20 C.F.R. §§ 404.1529(c), 404.1545(a)(3).

      Here, the ALJ found Mr. Finley's characterization of his IBS symptoms, specifically the frequency of bathroom visits, undermined by the "generally mild objective findings from physical examinations, his medical treatment history and activities of daily living." (Doc. 18-2 at 20, 52–53); see 20 C.F.R. § 404.1529(c)(2), (3). For example, the ALJ considered evidence from a gastroenterologist who examined Finley for IBS symptoms, recommended a conservative treatment of increased fluid and fiber, and did not impose any limitations on Mr. Finley. (Doc. 18-2 at 21–22; Doc. 18-7 at 446, 455.) The ALJ also observed that Mr. Finley had denied abdominal pain and gastrointestinal issues, and his bowel sounds were normal in all four quadrants. (Doc. 18-2 at 22; Doc. 18-7 at 239–40, 293–94.)

Additionally, Mr. Finley did not use adult undergarments.  (Doc. 18-2 at 21, 58.) The ALJ concluded that Mr. Finley's "bowel impairment and obesity are well accounted for by sedentary work with postural, environmental, and lifting/carrying limitations."  (Id. at 23.)

Upon review, the ALJ accounted for Mr. Finley's IBS in the RFC's sedentary base and postural, environmental, and lifting/carrying limitations.  As for bathroom breaks, the ALJ explained his evaluation of the evidence and did not find Mr. Finley's account supported by other evidence.  In summary, the ALJ properly considered Mr. Finley's IBS and the RFC was supported by substantial evidence.

**Objection 3: The ALJ failed to properly consider whether Mr. Finley could return to past relevant work.**

Lastly, Mr. Finley contends that the ALJ erred in finding that Mr. Finley could return to past relevant work as an advertising manager, advertising production manager, and order clerk.  (Doc. 29 at 7–10.)  Specifically, Mr. Finley asserts that the Magistrate Judge "misread[] the record" in finding that the "advertising manager and advertising production manager jobs as actually performed only required two hours of standing or walking, which coincides with the RFC."  (Id. at 7.)  Next, as to the advertising manager position, Mr. Finley contends that the "ALJ failed to analyze whether advertising manager lasted long enough for [Mr. Finley] to learn to do it even though [Mr. Finley] only performed it three years," and that any work outside the 15-year period is "irrelevant."  (Id. at 7–8.)  In a similar vein, Mr. Finley asserts that the ALJ "failed to provide rationale why [Mr. Finley's] jobs production manager and advertising manager lasted long enough for

7

[him] to learn to do them even though the evidence is showing otherwise." (Id. at 8.) Finally, as to the order clerk position, Mr. Finley observes that, although he took orders at his prior job, he described the job title as "customer service representative" and the job "involved primarily helping customers, not taking orders." (Id. at 9.) These contentions are unpersuasive.

Past relevant work is defined as "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). Notably, a claimant has the burden to show that past work is not past relevant work and that he cannot return to past relevant work as actually performed or as generally performed in the national economy. See Waldrop v. Comm'r of Soc. Sec., 379 F. App'x 948, 953 (11th Cir. 2010); Levie v. Comm'r of Soc. Sec., 514 F. App'x 829, 831 (11th Cir. 2013).

As an initial matter, the Court does note some confusion as to the walking, standing, and sitting limitations in the RFC. As discussed, the ALJ determined that Mr. Finley had the RFC to "sit for six hours in an eight-hour workday; stand and/or walk for two hours in an eight-hour workday." (Doc. 18-2 at 19.) However, a form filled out by Mr. Finley reflects that, as actually performed, his advertising manager and advertising production manager jobs required him to walk for two hours, stand for two hours, and sit for four hours during an eight-hour workday. (Doc. 18-6 at 36, 38, 40.) Accordingly, as actually performed, these positions would be precluded by Mr. Finley's RFC, which only permitted two hours of standing and/or walking during an eight-hour workday. Further, the Magistrate Judge

correctly noted that the order clerk position as actually performed, which required eight hours of sitting, would also be precluded by the RFC. (Doc. 27 at 23; Doc. 18-6 at 37.)

Any such confusion is ultimately immaterial, however, because the ALJ also found that Mr. Finley could perform past relevant work as <u>generally</u> performed. (Doc. 18-2 at 24–25); 20 C.F.R. §§ 404.1520(f), 404.1560(b)(2); Waldrop, 379 F. App'x at 953 (finding ALJ adequately found claimant could perform past relevant work as generally performed despite argument that record contained limited information about duties as actually performed); <u>see also</u> Klawinski v. Comm'r of Soc. Sec., 391 F. App'x 772, 775 (11th Cir. 2010) ("[W]here the claimant's specific prior job might have involved functional demands and duties significantly in excess of those generally required for such work by employers in the national economy, the claimant must still demonstrate that, in addition to being unable to perform the excessive functional demands actually required by her former job, she cannot perform the functional demands and job duties of the position as generally required by employers nationwide.").

To determine the occupational exertion requirements in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567. Advertising manager, production advertising manager, and order clerk are all classified as sedentary work, which involves (1) lifting no more than ten pounds at a time; (2) predominately sitting; and (3) occasionally standing and walking. 20 C.F.R. § 404.1567(a); (Doc. 18-2 at 24–25.) "[P]eriods of standing

9

or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday," which is consistent with Mr. Finley's RFC. Klawinski, 391 F. App'x at 774 (quotation omitted). In short, the Magistrate Judge and ALJ did not err in finding that Mr. Finley failed to establish that he is unable to return to past relevant work as generally performed in the national economy.

      Mr. Finley's challenge to the ALJ's determination that the advertising manager and production manager positions lasted long enough for him to learn how to do the jobs is also unpersuasive. First, it is his burden to prove past work is not past relevant work, and he never argued that he did not learn the jobs at issue.[2] Second, as the Magistrate Judge correctly observed, the duration of the past relevant work need not meet the listed Specific Vocational Preparation ("SVP"). See, e.g., Bond v. Comm'r of Soc. Sec., No. 6:15-cv-333-Orl-GJK, 2016 WL 3906929, *3 (M.D. Fla. July 19, 2016) (finding ten months as an office manager with SVP rating of 7 sufficient where claimant described the job's duties in detail and did not indicate that he did not have enough time to learn to do the job). And in some circumstances, experience outside the 15-year period may be considered in evaluating past relevant work. See SSR 82-62, 1982 WL 31386 at *2 ("[I]n some cases [work] performed prior to the 15-year period may be considered as relevant when a continuity of skills, knowledge, and processes can be established between

---

[2] Notably, Mr. Finley did not object to the vocational expert's testimony that these jobs qualified as past relevant work. (Doc. 18-2 at 40–67.)

10

such work and the individual's more recent occupations."); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991) ("[T]he fifteen year limitation described in the regulations does not create a prohibition against considering work outside that period.").

For example, Mr. Finley's advertising manager job has an SVP 8 and generally takes four to ten years to learn. See Manager, Advertising, DOT 164.117-010, 1991 WL 647316. As the Magistrate Judge noted, despite Mr. Finley's assertions that he performed the job for only three years, he has not met his burden to show that the job is not past relevant work. (Doc. 18-6 at 34, 36.) The same is true of the production manager position, which has an SVP 7 and generally takes two to four years to learn. See Production Manager, Advertising, DOT 141.137-010, 1991 WL 647102. Although Mr. Finley previously asserted that three years was "not necessarily sufficient time to learn to do this job because it may require up to 4 years to learn," he has not met his burden to show that the job is not past relevant work. (Doc. 25 at 29; Doc. 18-6 at 34, 38.)

Nor is the Court persuaded by Mr. Finley's contention that the order clerk job was a "composite job" of order clerk and customer service representative or receptionist, and thus inappropriate for assessment as a job generally performed in the national economy. (Doc. 29 at 9; Doc. 25 at 29.) A composite job has "significant elements of two or more occupations and, as such, [has] no counterpart in the [Dictionary of Occupational Titles ("DOT")]." SSR 82-61, 1982 WL 31387, *2. Past relevant work may constitute a composite job if the "main duties" of the work

include multiple DOT occupations. See Smith v. Comm'r of Soc. Sec., 743 F. App'x 951, 954 (11th Cir. 2018) (citation omitted).

Here, as the purported basis for a composite job finding, Mr. Finley notes that he not only had to place orders but also answer the phone. (Doc. 29 at 9; Doc. 25 at 29.) This issue was not raised with the ALJ. In all events, as the Magistrate Judge observed, Mr. Finley's assertions are insufficient to establish that Mr. Finley's job required significant elements or main duties of more than one job. (Doc. 27 at 28.) Indeed, the job of order clerk includes processing orders for materials or merchandise received by telephone and informing customers of order information by telephone. See Order Clerk, DOT 249.362-026, 1991 WL 672320. At bottom, Mr. Finley has not shown that answering the phones or any other task was one of his "main duties" to establish a composite job. See Smith, 743 F. App'x at 954.

In summary, to support a finding of no disability the ALJ needed to find only that Mr. Finley could return to any past relevant work, not all past relevant work. For the reasons noted, the Magistrate Judge did not err in finding that the ALJ properly determined that Mr. Finley could return to past relevant work.

## CONCLUSION

After an independent review of the record, it is **ORDERED**:

1. Mr. Finley's objections to the Magistrate Judge's Report and Recommendation (Doc. 29) are **OVERRULLED**.

2. The Report and Recommendation (Doc. 27) is **ADOPTED** and made part of this Order.

3. The decision of the Commissioner is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the file.

**ORDERED** in Fort Myers, Florida, on September 1, 2022.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE